UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES WESLEY OSBORNE, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | No.: 3:14-cv-142-PLR-CCS |
| v. ) | |
| ) | |
| DAVID SEXTON, Warden, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner James Wesley Osborne ("petitioner"), in which he challenges his 1999 Jefferson County, Tennessee, conviction for first degree murder. For the following reasons, the Court finds that the petition is barred by the one-year statute of limitation. Accordingly, the petition for a writ of habeas corpus will be **DENIED** as time-barred and this action will be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitation for state prisoners to file a habeas corpus petition in federal court; the limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).

Petitioner's conviction for first degree murder was upheld on direct appeal. *State v. Osborne*, No. E1999-01071-CCA-R3-CD, 2001 WL 667726 (Tenn. Crim. App. June 14, 2001), *perm. app. denied, id*. (Tenn. Nov. 5, 2001). On August 12, 2008, petitioner filed a petition for delayed post-conviction relief, which was ultimately dismissed as untimely; the dismissal was affirmed by the Tennessee Court of Criminal Appeals and the Tennessee Supreme Court denied petitioner's application for permission to appeal. *Osborne v. State*, No. E2010-01548-CCA-R3-PC, 2012 WL 953102 (Tenn. Crim. App. March 20, 2012), *perm. app. denied, id*., (Tenn. June 20, 2012).

A state post-conviction petition that was dismissed as time-barred is not considered "properly filed" in terms of § 2244(d)(2), and does not toll the statute of limitation. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). More importantly, by the time petitioner filed his untimely state post-conviction petition, the deadline for filing a habeas corpus petition in federal court had long since passed.

Based upon the foregoing, it appeared that petitioner's habeas corpus petition, which was filed on November 29, 2012[1], is barred by the one-year statute of limitation. For that reason, petitioner was given the opportunity to show cause why his habeas corpus petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198 (2006) (a district court may sua sponte dismiss a habeas petition as time-barred after giving the petitioner fair notice and an opportunity to be heard).

---

[1] **Error! Main Document Only.**The habeas corpus petition was filed in the U.S. District Court for the Eastern District of Tennessee, Northeastern Division, and only recently transferred to this Court.

Petitioner has responded to the show cause order and claims that the statute of limitation should be equitably tolled. The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. at 649) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling).

Petitioner claims he is entitled to equitable tolling because his trial counsel failed to inform him of his right to file a post-conviction petition alleging trial court error and ineffective assistance of counsel. He cites *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), for the proposition that an attorney's active misrepresentations to his client about the status of his case may require tolling a statute of limitation on due process grounds.

Counsel's alleged failure to notify petitioner of his right to file a post-conviction petition after the Tennessee Supreme Court denied the application for permission to appeal was the basis of petitioner's "petition for delayed post-conviction relief" in the state courts. *Osborne v. State*, 2012 WL 953102 at *1. On appeal from the dismissal of the post-conviction petition as time-barred, the Tennessee Court of Criminal Appeals

3

acknowledged that "[a]n attorney's active misrepresentations to his client about the status of his or her case may . . . require tolling on due process grounds." *Id*. at *3 (citing *Williams v. State*, 44 S.W.3d at 471). The appellate court noted, however, the Tennessee Supreme Court's observation "that '[i]n every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances *beyond a petitioner's control* prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations.'" *Id*. at *4 (quoting *Smith v. State*, 357 S.W.3d 322, 358 (Tenn. 2011). In this regard, the court further noted:

> Thus, if an attorney's misconduct misleads the petitioner into believing that the attorney is seeking post-trial relief on the petitioner's behalf and the petitioner thereby misses the post-conviction filing deadline, due process tolling of the statute of limitations may be appropriate. However, and significantly for the instant case, our high court also declared in *Smith* that an attorney's "[n]egligence, as opposed to deception or misconduct, would not be sufficient to toll the statute."

*Id*. (quoting *Smith*, 357 S.W.3d at 358) (internal citation omitted).

The Tennessee Court of Criminal Appeals then held that petitioner had failed to demonstrate he was entitled to equitable tolling of the statute of limitation:

> The record in this case demonstrates, at most, that Trial Counsel was negligent in failing to inform the Petitioner of his right to file a petition for post-conviction relief and the period of time in which he had to file it. This is not a sufficient basis on which to toll the one-year statute of limitations on due process grounds. . . . Accordingly, we affirm the judgment of the post-conviction court dismissing the Petitioner's claim for post-conviction relief as untimely.

*Id*.

This Court likewise finds that petitioner is not entitled to equitable tolling with respect to his pending petition for the writ of habeas corpus. His conviction became final

4

on February 3, 2002, which was ninety days after the Tennessee Supreme Court denied permission to appeal on direct appeal, and the one-year statute of limitation for filing a habeas corpus petition in federal court began to run at that time. *See Bronaugh v. State of Ohio*, 235 F.3d 280 (6th Cir. 2000) (statute of limitation is tolled during the ninety days within which petitioner could have filed a petition for writ of certiorari with the Supreme Court on direct appeal). Petitioner thus had until February 3, 2003, in which to file his federal habeas petition, but did not file his federal petition until November 29, 2012.

Petitioner cannot use his attorney's alleged failure to advise him on state post-conviction proceedings to excuse his failure to timely file his habeas petition in this Court. It was incumbent on petitioner to be aware of the availability of federal habeas corpus review and the filing requirements for such review. In addition, a delay of over nine years past the filing deadline indicates that petitioner was not diligently pursuing his rights.

"The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted). Under the circumstances, petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitation and his habeas corpus petition is time-barred. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent

compelling equitable considerations, a court should not extend limitations by even a single day.'").

The petition for the writ of habeas corpus will be **DENIED** as time-barred and this action will be **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ Pamela L. Reeves
**UNITED STATES DISTRICT JUDGE**